# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EVANS,<br><br>       Plaintiff,<br><br>    vs.<br><br>ALVIS GARRISON, et al.,<br><br>       Defendants. | 1:13cv01963 LJO DLB PC<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Thomas Evans ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. He filed this action on December 2, 2013. He names Inmate Garrison, Correctional Officers Cantu, Sierra and Thomas, Warden Diaz, Assistant Warden Ramirez, Chief Deputy Warden Pennywell, and Sergeants Homan and Goss as Defendants.

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B.  **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events at issue occurred.

In the statement of facts, Plaintiff cites to three type-written pages attached to the complaint.

According to the attachment, Plaintiff works in the Prison Industries Authority ("PIA") in a maintenance position. On November 1, 2011, he went to lunch with other workers. Defendant Garrison entered the dining hall, walking past Defendants Sierra and Cantu, and started yelling about other inmates causing tension between races. He also alleges that Defendant Garrison said that he wasn't going to "put up with Free Staff Thomas" and that he was "going to get it." Compl. 18. As they got up to leave, the correctional officers yelled that Defendant Garrison was all talk, and wouldn't do anything.

Plaintiff went back to work after lunch. Other inmates called Defendant Garrison over and told him that if he had a problem with them, they should handle it now. Defendant Garrison then apologized to everyone because he knew he almost started a race riot. Plaintiff went back to work as other black inmates tried to calm Defendant Garrison down.

About an hour later, Plaintiff went to the restroom. As he was finishing, Defendant Garrison entered the restroom and, without warning, started punching Plaintiff in the face and upper body. As Plaintiff defended himself, they broke a mirror. Plaintiff broke free and went out to try and find a correctional officer, but he couldn't see any. He also went out to the dock area, but did not see any correctional officers.

As Plaintiff turned around, Defendant Garrison was standing behind him and threw a punch. They started fighting, but Plaintiff was able to get away again. Unable to find a correctional officer, Plaintiff went towards the tool cage to look for an officer. Defendant Garrison had gone back into the restroom and obtained a sharp piece of glass. He walked by the

free staff's office, where Plaintiff later found out correctional officers were "hiding so as not to be bugged." Compl. 19.

Defendant Garrison then went after Plaintiff with the glass. They were maybe fifty feet from the office. When Plaintiff made it back to the office, he had already been sliced and stabbed. Plaintiff alleges that it took officers "what seemed like forever to respond" while Plaintiff fought for his life. Compl. 20.

Plaintiff alleges that Defendant Garrison tried to kill him for no reason, and officers did nothing to protect him, or other inmates, from Garrison's actions. Plaintiff alleges that officers were aware of his threats from earlier at lunch.

When Plaintiff was finally protected by an officer, he called medical staff. Plaintiff received stitches for his facial wounds. Plaintiff alleges that Defendant Garrison's actions were deliberate.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment, as well as a violation of due process and equal protection.

## C. DISCUSSION

### 1. Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v.

Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

A defendant in a supervisory position, such as Defendants Diaz, Ramirez and Pennywell, may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997)

Here, although Plaintiff names Correctional Officer Thomas, Warden Diaz, Assistant Warden Ramirez, Chief Deputy Warden Pennywell and Sergeants Homan and Goss as Defendants, he does not include any factual allegations against them in his three-page attachment.

In reviewing Plaintiff's exhibits, it appears that Defendants Diaz, Ramirez, Homan and Goss were involved in reviewing Plaintiff's appeal at various levels.  Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here, where Plaintiff has not stated any underlying constitutional violation.

Accordingly, Plaintiff fails to state a claim against Defendants Thomas, Diaz, Ramirez, Pennywell, Homan and Goss.

2. <u>Defendant Garrison</u>

In reviewing Plaintiff's allegations and his exhibits, it appears that Defendant Garrison is an inmate. As explained above, a section 1983 action can only be brought against an individual acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009).

"The United States Constitution protects individual rights only from *government* action, not from *private* action." <u>Single Moms, Inc. v. Montana Power Co.</u>, 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." <u>Single Moms, Inc.</u>, 331 F.3d at 746-47 (citing <u>Brentwood Academy v. Tennessee Secondary School Athletic Assoc.</u>, 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001)) (emphasis in original).

Defendant Garrison, as an inmate, is not an individual acting under color of state law. While there are certain factual situations where a private actors can be treated as state actors, those circumstances are not presented here. <u>Brentwood Academy v. Tennessee Secondary School Athletic Assoc.</u>, 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001) ("[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.").

Accordingly, Plaintiff has failed to state a claim against Defendant Garrison and it does not appear that this deficiency can be cured by amendment.

3. <u>Eighth Amendment- Failure to Protect</u>

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect

inmates from physical abuse.  <u>Farmer</u>, 511 U.S. at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., <u>Farmer</u>, 511 U.S. at 847; <u>Hearns</u>, 413 F.3d at 1040.

In the context of a deliberate indifference claim, a plaintiff must prove that the defendant's deliberate indifference was the actual and proximate cause of the deprivation.  <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).  While direct, personal participation is not required, "the critical question is whether it was reasonably foreseeable that the actions of the particular . . . defendants would lead to the rights violations alleged to have occurred . . . ."  <u>Wong v. U.S.</u>, 373 F.3d 952, 966 (9th Cir. 2004).

Based on a review of Plaintiff's exhibits, he appears to allege that Defendants Sierra and Cantu failed to protect him from the assault(s) by Inmate Garrison.  He alleges that they knew of the risk because they heard Inmate Garrison issue a threat during lunch time.  Plaintiff seems to suggest that officers, possibly Defendants Sierra and Cantu, were in the office and did not respond because they did not want to be bothered.

Plaintiff's allegations, however, fail to demonstrate that any Defendant acted with the requisite state of mind.  While Defendants Sierra and Cantu may have heard Defendant Garrison's threat, there is no indication that they knew of, and disregarded, a substantial risk of serious harm to Plaintiff.  Defendants Sierra and Cantu did not believe that Defendant Garrison would take any action, and Plaintiff alleges that Defendant Garrison later apologized to other inmates.  Although Plaintiff was looking for officers to help during the attack(s), he does not allege that Defendants Sierra or Cantu knew that Plaintiff was being attacked, or was about to be attacked, yet failed to take any action.  Rather, Plaintiff's allegations simply demonstrate that

staff was not adequately available, or was slow to respond. Neither of these situations rises to the level of a constitutional violation under the facts presented.

Accordingly, Plaintiff fails to state a claim against Defendants Sierra and Cantu for failure to protect.

### 4. Due Process

"The concept of substantive due process . . . forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks omitted). To establish a claim, plaintiff "must, as a threshold matter, show a government deprivation of life, liberty, or property." Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) (quoting Nunez at 871).

Plaintiff asserts a violation of due process. However, he has not established a deprivation of life, liberty or property to which due process would apply. The concept of substantive due process is expanded only reluctantly and therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Accordingly, because Plaintiff's claim is specifically covered by the Eighth Amendment, he fails to state a due process claim.

### 5. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891

(9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. <u>Hartmann</u>, 707 F.3d at 1123; <u>Furnace</u>, 705 F.3d at 1030; <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001).

Here, although Plaintiff mentions that Defendant Garrison may have intended to cause tension between races, he does not include any allegations that would implicate a violation of his equal protection rights. He does not allege that any Defendant intentionally discriminated against him because of his race. Accordingly, Plaintiff fails to state an equal protection claim.

### D.   **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any cognizable claims against any Defendant.

Plaintiff will be permitted one opportunity to amend his complaint, but he should only amend if he can do so in good faith. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **April 23, 2014**              /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE