# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EVANS,<br><br>         Plaintiff,<br><br>   vs.<br><br>ALVIS GARRISON, et al.,<br><br>         Defendants. | ) 1:13cv01963 LJO DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DISMISSAL OF FIRST<br>) AMENDED COMPLAINT FOR FAILURE<br>) TO STATE A CLAIM<br>)<br>) THIRTY-DAY DEADLINE<br>) |

Plaintiff Thomas Evans ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. He filed this action on December 2, 2013. Pursuant to Court order, he filed a First Amended Complaint ("FAC") on May 5, 2014. He names Correctional Officers Cantu and Sierra as Defendants.

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issue occurred.

In the statement of facts, Plaintiff cites to three type-written pages attached to the complaint.

According to the attachment, Plaintiff works in the Prison Industries Authority in a maintenance position. On November 1, 2011, he went to lunch with other workers. Inmate Garrison entered the dining hall, walked past Defendants Sierra and Cantu, and started yelling about other inmates causing tension between races. He also alleges that Inmate Garrison said that he wasn't going to "put up with Free Staff Thomas" and that he was "going to get it." FAC, at 7. As they got up to leave, the correctional officers yelled that Inmate Garrison was all talk, and wouldn't do anything.

Plaintiff went back to work after lunch. Other inmates called Inmate Garrison over and told him that if he had a problem with them, they should handle it now. Inmate Garrison then apologized to everyone because he knew he almost started a race riot. Plaintiff went back to work as other black inmates tried to calm Inmate Garrison down.

About an hour later, Plaintiff went to the restroom. As he was finishing, Inmate Garrison entered the restroom and, without warning, started punching Plaintiff in the face and upper body. As Plaintiff defended himself, they broke a mirror. Plaintiff broke free and went out to try and find a correctional officer, but he couldn't see any. He also went out to the dock area, but did not see any correctional officers.

As Plaintiff turned around, Inmate Garrison was standing behind him and threw a punch. They started fighting, but Plaintiff was able to get away again. Unable to find a correctional officer, Plaintiff went towards the tool cage to look for an officer. Inmate Garrison had gone back into the restroom and obtained a sharp piece of glass. He walked by the free staff's office,

3

where Plaintiff later found out correctional officers were "hiding so as not to be bugged." FAC, at 8.

Inmate Garrison then went after Plaintiff with the glass. They were maybe fifty feet from the office. When Plaintiff made it back to the office, he had already been sliced and stabbed. Plaintiff alleges that it took officers "what seemed like forever to respond" while Plaintiff fought for his life. FAC, at 9.

Plaintiff alleges that Inmate Garrison tried to kill him for no reason, and officers did nothing to protect him, or other inmates, from Garrison's actions. Plaintiff alleges that officers were aware of his threats from earlier at lunch.

When Plaintiff was finally protected by correctional officers, they called medical staff. Plaintiff received stitches for his facial wounds.

In support of his contention that Defendants Cantu and Sierra acted in "bad faith" and failed to take immediate action to protect Plaintiff, he cites to a May 16, 2012, letter from the Office of Appeals. The letter sets forth various issues that need to be addressed in an amended Second Level Response. The issues include why staff allowed Inmate Garrison to make threatening statements and why officers were in the office long enough for Plaintiff to be assaulted three times.

**C.   DISCUSSION**

   1.   Eighth Amendment- Failure to Protect

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect

inmates from physical abuse.  <u>Farmer</u>, 511 U.S. at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., <u>Farmer</u>, 511 U.S. at 847; <u>Hearns</u>, 413 F.3d at 1040.

In the context of a deliberate indifference claim, a plaintiff must prove that the defendant's deliberate indifference was the actual and proximate cause of the deprivation.  <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).  While direct, personal participation is not required, "the critical question is whether it was reasonably foreseeable that the actions of the particular . . . defendants would lead to the rights violations alleged to have occurred . . . ."  <u>Wong v. U.S.</u>, 373 F.3d 952, 966 (9th Cir. 2004).

In the prior screening order, the Court explained that Plaintiff failed to demonstrate that Defendants acted with the requisite state of mind.  In amending, Plaintiff recites the same facts, but adds allegations that Defendants Sierra and Cantu acted in "bad faith" and "displayed cruel and unusual punishment."  FAC, at 3.  He also suggests that they were not performing their work duties correctly.

To support his contention, Plaintiff refers to the May 16, 2012, letter from the Office of Appeals setting forth various issues that needed to be addressed.  However, although this letter asks why Defendants were in the office long enough to allow Plaintiff to be assaulted, it does not support a finding of deliberate indifference.  Plaintiff suggests that Defendants were not at their correct posts, and while the letter does raise a question as to their location and response time, it does not show that Defendants knew of, and disregarded, a substantial risk of harm to Plaintiff.  As the Court previously explained, the fact that Defendants may not have responded to Plaintiff right away does not mean that they acted with the requisite state of mind.

Moreover, although Plaintiff alleges that Defendants Sierra and Cantu may have heard Inmate Garrison's threat, there is no indication that they knew of, and disregarded, a substantial risk of serious harm to Plaintiff.  According to Plaintiff's allegations, Defendants Sierra and Cantu did not believe that Defendant Garrison would take any action, and Plaintiff alleges that Defendant Garrison later apologized to other inmates.

Finally, Plaintiff's conclusory allegations that Defendants acted in "bad faith" or imposed "cruel and unusual punishment," are not sufficient to state a claim.  Legal conclusions, without supporting facts, do not state a claim for which relief may be granted.

The conclusion in the prior screening order remains applicable.  Plaintiff's allegations simply demonstrate that staff was not adequately available, or was slow to respond.  Neither of these situations rises to the level of a constitutional violation under the facts presented.

Accordingly, Plaintiff did not correct the deficiency and fails to state a claim against Defendants Sierra and Cantu.

2.   Due Process

"The concept of substantive due process . . . forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty."  Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks omitted).  To establish a claim, plaintiff "must, as a threshold matter, show a government deprivation of life, liberty, or property."  Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) (quoting Nunez at 871).

Plaintiff mentions a violation of due process in his prayer for relief.  However, the Court previously explained that he has not established a deprivation of life, liberty or property to which due process would apply.  The concept of substantive due process is expanded only reluctantly and therefore, if a constitutional claim is covered by a specific constitutional provision, the claim

must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Accordingly, because Plaintiff's claim is specifically covered by the Eighth Amendment, he fails to state a due process claim.

3. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Here, although Plaintiff mentions that Inmate Garrison may have intended to cause tension between races, he does not include any allegations that would implicate a violation of his equal protection rights. He does not allege that any Defendant intentionally discriminated against him because of his race. The Court explained this in the prior screening order.

Accordingly, Plaintiff fails to state an equal protection claim.

4. Negligence

Plaintiff alleges that Defendants were negligent because they did not take immediate action.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the

action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).

As discussed throughout this order, Plaintiff has not stated any federal claims over which this Court original jurisdiction. This precludes the Court from hearing a state law claim.

### D. FINDINGS AND RECOMMENDATION

Plaintiff's complaint fails to state any cognizable claims against any Defendant. Plaintiff has been afforded an opportunity to amend, but has failed to correct the deficiencies. Therefore, the Court finds that further amendment is not warranted and RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 23, 2014**          /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE